UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS, | No. C 07-808 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| JAMES A. YATES, warden, | |
| Respondent. | |

## INTRODUCTION

David D. Harris, a prisoner currently in custody at the California Men's Colony in San Luis Obispo, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the court for consideration is respondent's motion to dismiss the petition as untimely and plaintiff's opposition thereto. The court finds that the petition was not timely filed and dismisses it.

## BACKGROUND

Harris was convicted in Alameda County Superior Court in 1999 of one count of forcible rape, five counts of forcible oral copulation, and two counts of penetration by foreign object. See Cal. Penal Code §§ 261, 288a, 289. He was sentenced to a total of 48 years in prison. He appealed. His conviction was affirmed on August 25, 2000, by the California Court of Appeal and his petition for review was denied on November 15, 2000, by the California Supreme Court.

Harris filed a petition for writ of habeas corpus in the state superior court that was denied on January 5, 2007. He has not identified the date on which he filed that petition.

1 Harris filed this action in 2007. The "motion" under § 2254 used to commence this
2 action was dated February 4, 2007, and came to the court in an envelope that does not have a
3 dated postmark. The motion was stamped "Filed" on February 8, 2007. Under the prisoner
4 mailbox rule, Harris' petition is deemed filed on February 4, 2007, as there is no statement he
5 gave the petition to prison officials any earlier than the date on which it was signed. Cf.
6 Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas
7 petition is deemed filed when prisoner delivers petition to prison authorities for mailing),
8 vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).

**DISCUSSION**

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The first step is to determine when the limitations period began. The one-year limitations period for Harris started on February 13, 2001, the date on which the judgment became final after the conclusion of direct review. See 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the 90-day period during which the petitioner could have filed a petition for writ of certiorari, regardless of whether he did so). The presumptive deadline for Harris to file his federal petition was February 13, 2002. He missed that deadline by five years, so unless he is entitled to significant tolling, his petition was very untimely.

Harris argues that limitations period should have started later than the date his conviction became final because the California Department of Corrections & Rehabilitation ("CDCR") limits law library access for prisoners who do not have impending court deadlines.

Harris is trying to fit under § 2244(d)(1)(B), which allows for a delayed starting date from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(b)(1)(B). Section 2244(b)(1)(B) does not apply to this case because Harris has not shown an unconstitutional state action that created an impediment to the filing of a habeas petition. According to Harris, the CDCR limits law library access for prisoners without impending deadlines to 2 hours per week, and grants preference to those prisoners who have court deadlines within 30 days. The first problem for Harris is that the Constitution does not guarantee a prisoner unlimited access to the law library; prison officials of necessity must regulate the time, manner and place in which library facilities are used. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir. 1985). The fact that a prisoner must wait for a turn to use the library does not necessarily mean that he has been denied meaningful access to the courts. See id. The reach of the case Harris cites, Bounds v. Smith, 430 U.S. 817 (1977), was narrowed considerably by the later Supreme Court case of Lewis v. Casey, 518 U.S. 343 (1996). In Lewis, the court explained that although the prison officials must ensure that prisoners "have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement," the officials are free to devise their own methods to reach that result. See Lewis, 518 U.S. at 356. Bounds "guarantees no particular methodology but rather the conferral of a capability--the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. Harris comes nowhere close to showing that California's system of allocating access to the finite law library resources violates the Constitution. Even with the two hours per week limit on law library access, Harris theoretically would have been able to spend hundreds of hours in the law library in the six years before he filed his federal habeas petition. The second problem for Harris is that, while his opposition brief complains about the limits on law library access, it notably fails to mention any effort by Harris to actually use the law library during the six years before he filed his federal habeas petition. It certainly cannot be said that he was

3

"prevented from filing by" the CDCR's actions in allocating the law library access among inmates if he never even tried to use the law library or the legal materials paging system at the various prisons at which he was housed. See generally Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir. 2007) (no delayed start of limitations period where there was no causal connection between excuse offered and delayed filing). Harris is not entitled to a delayed start of the limitations period; the limitations period started on the date his conviction became final on February 13, 2001.

The limitations period is subject to statutory and equitable tolling, but the petitioner has the burden of proof to show his entitlement to either kind of tolling. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002).

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Harris' state habeas petition filed in or about January 2007 was filed several years too late to support statutory tolling because the limitations period had already expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

The limitations period may be equitable tolled if extraordinary circumstances beyond a petitioner's control prevented him from timely filing the petition. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (equitable tolling will not be available in most cases because extensions of time should only be granted if extraordinary circumstances beyond prisoner's control make it impossible for him to file petition on time), cert. denied, 523 U.S. 1061, 1099 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

Harris offers two potential bases for equitable tolling: (1) the CDCR limits access to the law libraries for prisoners without impending deadlines and (2) he was in administrative segregation for a year. Neither of these reasons warrant equitable tolling. Although the law

4

library access is greatly limited, there is <u>some</u> access to legal materials for inmates in the general population as well as those in ad-seg. Harris was not completely denied access to the law library or to a paging system for legal materials. More importantly, he offers no proof that he tried to make use of the law library and paging system during 2000-2006. He fails to explain why, with the access (albeit limited) that did exist in the six years before he filed his federal petition, he did not file it sooner. See Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

His second alleged reason for equitable tolling fares no better, because he has not shown that his one-year stay in ad-seg prevented him from filing his federal petition for the six years he delayed in doing so. Even if his materials were taken when he entered ad-seg in 2000 or 2001, he has not explained why he did not obtain replacements for those materials for 5-6 years so that he could file his federal habeas petition. The equitable tolling inquiry usually is not just a simple yes/no question, but also must look at how much time should be tolled for the event. For example, it is not enough for the prisoner-petitioner to show that he was separated from his legal materials, he also must explain how much time should be excused for that event.

Harris' petition was not filed until six years after his conviction became final and not until about five years after the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The petition will be dismissed as time-barred.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 8.) The petition is dismissed because it was not timely filed. Petitioner's motion for modification of sentence is DENIED as moot because the petition has been dismissed. (Docket # 11.) The clerk shall close the file.

IT IS SO ORDERED.

DATED: January 2, 2008

Marilyn Hall Patel
United States District Judge

5